NO. 07-11-0177-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

AUGUST 15, 2011
_____

IN RE JOHANSON LEE WATSON, RELATOR
_____

ORIGINAL PROCEEDING ARISING FROM PROCEEDINGS
BEFORE THE 46TH DISTRICT COURT OF WILBARGER COUNTY;
NOS. 9479 & 9480; HONORABLE DAN MIKE BIRD JUDGE PRESIDING[1]
_____

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

**MEMORANDUM OPINION**

By this original proceeding, Relator, Johanson Lee Watson, an inmate proceeding *pro se* and *in forma pauperis*, seeks a writ of mandamus to compel the Honorable Dan Mike Bird, to hold a hearing on his *Motion for Leave for Judgment Nunc Pro Tunc.* For the reasons expressed herein, we deny the requested relief.

**Background**

In 1997, Relator was indicted for sexual assault of a child in cause number 9479 and for burglary of a habitation in cause number 9480. The charges were enhanced

---

[1]Judge Bird was the District Attorney for Wilbarger County when Relator was charged with the offenses alleged in Cause Nos. 9479 and 9480 and he voluntarily recused himself from proceedings related to those cause numbers.

with a prior burglary from 1987. In exchange for dismissal of the burglary of a habitation charge,[2] Relator pleaded guilty to the sexual assault charge and was sentenced to twenty years confinement. No direct appeal from that conviction was filed.

At the sentencing hearing held on August 8, 1997, for the sexual assault conviction, the Honorable Tom Neely opened the proceedings by announcing "[t]his is Cause Number 9480, the State of Texas versus Johanson Lee Watson, also known as Johanson 'Joe-Boy' Watson." The hearing proceeded and the trial court ruled as follows:

> the Court having found you guilty of the offense of sexual assault of a child [cause number 9479] as alleged in the indictment, having found the enhancement paragraph to be true, the Court assesses your punishment at 20 years . . . .

Relator filed a *Motion for Leave for Judgment Nunc Pro Tunc* in the trial court on January 18, 2011, arguing that the oral pronouncement in cause number 9480 from the sentencing hearing in 1997 conflicted with the trial court's written judgment in cause number 9479. He maintains he was sentenced to prison in cause number 9480, which was dismissed in 1998.[3] Relator alleges that on February 7, 2011, he corresponded with the Wilbarger County District Clerk requesting a disposition on his motion.

On April 26, 2011, Relator filed a Petition for Writ of Mandamus in this Court seeking to compel the trial court to rule on his pending motion. This Court requested a

---

[2]The burglary of a habitation charge was dismissed by order dated July 21, 1998.

[3]The written judgment and sentence in the sexual assault of a child case correctly reflects "Cause No. 9479."

response from Respondent. No response was filed; however, the trial court scheduled a hearing to address Relator's motion.

On June 10, 2011, a hearing was held. The Honorable Stuart Messer presided by assignment. *See* Tex. Gov't Code Ann. § 75.002(a)(3) (West 2005). Appellant and his appointed counsel were present. After a brief hearing, the trial court ruled, "the plea of guilty was obviously in 9479; the evidence was taken on the issue of punishment in 9479. I am not granting that nunc pro tunc . . . ." The trial court's denial of Relator's motion was reduced to writing and filed with the trial court clerk on June 23, 2011.

## Mandamus Standard of Review

Mandamus relief is an extraordinary remedy. *In re Southwestern Bell Telephone Co., L.P.*, 235 S.W.3d 619, 623 (Tex. 2007) (orig. proceeding). "Mandamus issues only to correct a clear abuse of discretion or the violation of a duty imposed by law when there is no other adequate remedy by law." *Walker v. Packer*, 827 S.W.2d 833, 839 (Tex. 1992) (orig. proceeding) (quoting *Johnson v. Fourth Court of Appeals*, 700 S.W.2d 916, 917 (Tex. 1985) (orig. proceeding). To show entitlement to mandamus relief, a relator must satisfy three requirements: (1) a legal duty to perform; (2) a demand for performance; and (3) a refusal to act. *Stoner v. Massey*, 586 S.W.2d 843, 846 (Tex. 1979).

## Discussion

Relator now has a ruling on the motion that was pending in the trial court. Any dissatisfaction with the ruling is not the proper subject of a mandamus proceeding but

3

may be remedied by ordinary appeal. *See In re Washington*, No. 09-07-00246-CV, 2007 Tex. App. LEXIS 6449, at *2 (Tex.App.--Beaumont Aug. 16, 2007, orig. proceeding). Consequently, his request for relief is rendered moot and the petition for writ of mandamus is denied.


                                            Patrick A. Pirtle
                                                  Justice